The STATE of Ohio, Appellee,

v.

BLANK, Appellant.

[Cite as *State v. Blank* (1997), 118 Ohio App.3d 441.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17898.

Decided Feb. 26, 1997.

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *David Fish*, Assistant Prosecuting Attorney, for appellee.

*Thomas E. Schubert*, for appellant.

REECE, Judge.

Appellant, Scott E. Blank, appeals the judgment of the Barberton Municipal Court dismissing his petition for postconviction relief. We affirm.

On November 3, 1994, Blank pleaded no contest to a charge of assault in violation of Green City Ordinance 636.02. The court found Blank guilty and on January 6, 1995 sentenced him to a period of incarceration for one hundred eighty days, sixty days to be served at Oriana House, a residential probation institution, and one hundred twenty days to be served under house arrest. Blank was also fined $250 plus court costs.

On April 23, 1996, Blank moved the Barberton Municipal Court for postconviction relief, claiming that he was denied the effective assistance of trial counsel. The municipal court dismissed Blank's postconviction petition as untimely on April 30, 1996. This appeal followed.

 In his sole assignment of error, Blank contends that the trial court incorrectly calculated the time in which he was required to move for postconviction relief. Blank maintains that based upon the September 21, 1995 amendment to R.C. 2953.21, he had until September 21, 1996 to file his postconviction motion.

However, it is unnecessary for us to contemplate Blank's claim in resolving his appeal.

■  A municipal court does not have jurisdiction to consider a postconviction petition. *State v. Poole* (Sept. 26, 1990), Allen App. Nos. 1–89–47, 1–89–48 and 1–89–49, unreported, 1990 WL 142005, citing *Dayton v. Hill* (1970), 21 Ohio St.2d 125, 50 O.O.2d 328, 256 N.E.2d 194.  See, also, *State v. Moore* (1994), 99 Ohio App.3d 748, 751, 651 N.E.2d 1319, 1321; *Lakewood v. Dowling* (June 24, 1993), Cuyahoga App. Nos. 63273, 63176 and 62889, unreported, 1993 WL 227063.  In *Hill,* the Supreme Court stated:

"[N]o logical or reasonable procedure has been provided for the handling of postconviction petitions filed in a Municipal Court as the result of a conviction and sentence for violating a municipal ordinance.  To give such effect to the Ohio Act would be to create chaos and uncertainty at both county and municipal levels of government as to how to process postconviction petitions filed under circumstances obviously not envisioned by the General Assembly." *Id.* at 128, 50 O.O.2d at 330, 256 N.E.2d at 196.

The court concluded "the General Assembly did not intend for Sections 2953.21 to 2953.24, inclusive, Revised Code, to apply to a conviction and sentence of the type at bar, and that as used in those sections the words 'criminal offense' do not include the violation of a municipal ordinance." *Id.*

Because "[n]o authority is vested in the municipal court to review any convictions pursuant to the Postconviction Remedy Act," *Poole, supra,* the trial court did not err in dismissing Blank's postconviction petition.  Regardless of the trial court's reasoning, it reached the correct result.  See *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614, 614 N.E.2d 742, 745.

Accordingly, Blank's assignment of error is overruled, and the judgment of the Barberton Municipal Court dismissing his petition for postconviction relief is affirmed.

*Judgment affirmed.*

DICKINSON, P.J., and SLABY, J., concur.