Defendant, Mark Reyland, appeals from the dismissal of his petition for post-conviction relief by the Kettering Municipal Court.
Mark Reyland was found guilty following a bench trial in Kettering Municipal Court of domestic violence, R.C.2919.25(A), and was sentenced according to law. On direct appeal we affirmed Reyland's conviction. State v. Reyland
(April 10, 1998), Montgomery App. No. 16450, unreported.
On May 4, 1998, Reyland filed a petition for post-conviction relief pursuant to R.C. 2953.21 in the Kettering Municipal Court. As grounds for relief, Reyland asserted ineffective assistance of trial counsel arising from his attorney's failure to timely file Reyland's demand for a jury trial. The State responded with a memorandum contra arguing, among other things, that a municipal court lacks jurisdiction to grant a post-conviction relief pursuant to R.C. 2953.21.
On June 12, 1998, the Kettering Municipal Court dismissed Reyland's post-conviction petition, holding that it lacked jurisdiction to consider such actions. Mark Reyland timely appealed to this court from the dismissal of his post-conviction petition.
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S MOTION FOR POST CONVICTION RELIEF.
The sole issue presented in this appeal is whether municipal courts have jurisdiction to determine petitions for post-conviction relief filed pursuant to R.C. 2953.21.
In Dayton v. Hill (1970), 21 Ohio St.2d 125, the Ohio Supreme Court held that R.C. 2953.21, et seq., does not apply to persons convicted of violating a municipal ordinance. An analysis of the post-conviction relief act convinced the Hill
court that because the county prosecuting attorney's office is to participate in any hearing on those petitions, the entire field of post-conviction procedure is limited to state-prosecuted convictions. The Hill court concluded:
 [T]he remaining language, in both the original Act and in the 1967 amendment, clearly shows that no logical or reasonable procedure has been provided for the handling of post-conviction petitions filed in a Municipal Court as the result of a conviction and sentence for violating a municipal ordinance. To give such effect to the Ohio Act would be to create chaos and uncertainty at both county and municipal levels of government as to how to process post-conviction petitions filed under circumstances obviously not envisioned by the General Assembly.
Id., at 128.
The decision in Hill left open the question of whether R.C.2953.21 might apply to persons convicted in municipal court of violating a state statute, as opposed to a municipal ordinance. Nearly all subsequent appellate court decisions addressing that question have answered it in the negative.
In State v. Poole (September 26, 1990), Allen App. No. 1-89-47, unreported, the Third District Court of Appeals, relying upon the reasoning in Hill, concluded that R.C. 2953.21
does not apply to misdemeanor convictions in a municipal court under state statute. The Poole court stated:
 It is apparent from the foregoing that the review of convictions by means of post-conviction petition lodged under the provisions of R.C. 2935.21 is authorized only as to convictions in common pleas court. No authority is vested in the municipal court to review any convictions pursuant to the Post Conviction Remedy Act, be they under the provisions of state statutes or municipal ordinances.
Id., at p. 1.
Likewise, in Lakewood v. Dowling (June 24, 1993), Cuyahoga App. No. 63273, unreported, the Eighth District Court of Appeals, persuaded by the language in Dayton v. Hill, supra andState v. Poole, supra, concluded that the Lakewood Municipal Court lacked jurisdiction to review an appellant's misdemeanor conviction via a petition for post-conviction relief.
In State v. Blank (1997), 118 Ohio App.3d 441, the Ninth District Court of Appeals, citing Hill, Poole, and Dowling,
concluded that "a municipal court does not have jurisdiction to consider a post-conviction petition." Id., at 443.
A contrary result was reached in State v. Dunlap (October 23, 1997), Licking App. No. 97-CA-53, unreported. The defendant was convicted in Licking County Municipal Court of domestic violence, R.C. 2919.25. When he subsequently filed a petition for post-conviction relief pursuant to R.C. 2953.21, the municipal court dismissed that petition for want of jurisdiction. On appeal, the Fifth District Court of Appeals reversed the dismissal and remanded the case back to the municipal court for consideration of appellant's post-conviction petition on its merits. The Court of Appeals held that R.C. 2953.21 does not limit the remedy of post-conviction relief to felonies, nor does it limit its jurisdiction to the courts of common pleas. The Dunlap court distinguished Dayton v. Hill, supra, because the holding in that case did not state that R.C. 2953.21 does not apply to persons who are convicted in municipal court of violating a state statute.
R.C. 2953.21(A) (1) authorizes a court to "vacate or set aside" a judgment of sentence that the court entered on a conviction in a criminal proceeding, and requires that the petition seeking that relief must be filed "in the court that imposed the sentence." Municipal courts are not expressly excluded from the statute's coverage. Indeed, the power to grant that relief is otherwise extended to municipal courts by R.C. 1901.13(A) (1), which authorizes the municipal courts and their judges to, inter alia, "vacate or modify a judgment." Even so, jurisdiction to entertain and determine petitions filed pursuant to R.C. 2953.21 are not among those matters identified in R.C. 1901.18 or R.C. 1901.20, which respectively specify the civil and criminal jurisdiction of the municipal courts.
We are persuaded that the language of R.C. 2953.21, the reasoning expressed by the Supreme Court in Dayton v, Hill,supra, and all of the other aforementioned decisions of other districts supports a holding that relief from convictions pursuant to R.C. 2953.21 applies only as to convictions in common pleas court. A municipal court has no authority to review convictions pursuant to R.C. 2953.21, whether for violations of a state statute or a municipal ordinance.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
F. Jay Newberry, Esq., Richard Hempfling, Esq., Hon. Robert L. Moore