JOURNAL ENTRY AND OPINION
Quintino Marchetti appeals from a judgment of the Garfield Heights Municipal Court denying his motion to vacate filed five years after a jury found him guilty of a city building violation and failing to obtain a building permit when he constructed a detached garage on his property. On appeal, he alleges that the city prosecutor is not a licensed attorney in the State of Ohio, that the court denied him due process by overruling his motion to vacate, and that his sentence and fine constitutes cruel and unusual punishment. After reviewing the record before us, we conclude that the Garfield Municipal Court lacked jurisdiction to consider the motion to vacate and therefore, that judgment is nullified and this appeal is dismissed.
The record reveals that Marchetti constructed a detached garage on his property located at 8501 Riverview Road, Brecksville, Ohio, without first obtaining a permit from the city and in violation of a stop work order issued by the city. Thereafter, Marchetti sought to obtain a permit, but the zoning regulations prohibited the building of a detached structure in the front yard of his home. Marchetti then appealed to the Board of Zoning for a variance, which the board denied. The city subsequently charged Marchetti with a building violation and failing to obtain a building permit. Following trial, the jury found Marchetti guilty as charged; the court then sentenced him to a period of incarceration of thirty days and fined him $100.00 per day for each day the violation continued to exist.
On August 2, 1994, Marchetti appealed to this court, which affirmed the judgment of the trial court on December 18, 1995. Four years later, on August 23, 1999, Marchetti filed a motion to vacate in the Garfield Municipal Court, which the court overruled. Marchetti now appeals, setting forth the following assignments of error for our review. They state:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS CONVICTED OF CRIMINAL OFFENSES BASED UPON A COMPLAINT WHICH WAS PROSECUTED BY A MAN WHO WAS NOT, IS NOT AND NEVER WAS REGISTERED AS AN ATTORNEY WITH THE OHIO SUPREME COURT TO PRACTICE LAW IN THE COURTS OF OHIO.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION TO VACATE CONVICTIONS AND ALL FINES IMPOSED BY THE COURT WITHOUT THE COURT HOLDING A HEARING.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW AND HIS CONSTITUTIONAL RIGHT WHEN THE COURT FAILED TO READ AND HEAR THIS MOTION TO VACATE THE CONVICTIONS AND ALL FINES IMPOSED BY THE COURT.
 IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW AND HIS CONSTITUTIONAL RIGHT WHEN THE COURT FAILED TO FORWARD THE INFORMATION IN DEFENDANT'S MOTION TO THE PROPER AUTHORITIES.
 V. DEFENDANT WAS DENIED DUE PROCESS OF LAW AND HIS CONSTITUTIONAL RIGHT WHEN THE COURT ACTED TO COVER UP WRONG DOING.
 VI. DEFENDANT WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT AND UNLAWFUL PUNISHMENT WHEN HE WAS SENTENCED TO A TERM OF IMPRISONMENT AND HEAVILY FINED BY THE COURT.
Marchetti alleges that the court denied him due process when it overruled his motion to vacate and that the prosecutor is not a licensed attorney in the State of Ohio.
Contrawise, the state maintains Marchetti's post-conviction relief petition is not timely pursuant to R.C. 2953.21.
Thus, we are concerned with whether the court properly overruled Marchetti's post-conviction relief petition.
In Dayton v. Hill (1970), 21 Ohio St.2d 125, the court stated:
 No logical or reasonable procedure has been provided for the handling of postconviction petitions filed in a Municipal Court as the result of a conviction and sentence for violating a municipal ordinance. To give such effect to the Ohio Act would be to create chaos and uncertainty at both county and municipal levels of government as to how to process postconviction petitions filed under circumstances obviously not envisioned by the General Assembly.
See also, State v. Blank (1997), 118 Ohio App.3d 441.
Therefore, according to Hill and Blank, the Garfield Municipal Court did not have jurisdiction to consider Marchetti's motion to vacate, as it constitutes a petition for post-conviction relief. Accordingly, this appeal is dismissed and the judgment of the court is therefore void.
It is ordered that appellee recover of appellant its costs herein taxed.
 ______________________ ANN DYKE, A.J.
DIANE KARPINSKI, J., and KENNETH A. ROCCO, J., CONCUR